**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21812-CIV-ALTONAGA/Reid**

**SEBASTIEN DUMOND**,

Plaintiff,
v.

**JOSEPH EDLOW, DIRECTOR,**
**UNITED STATES CITIZENSHIP**
**AND IMMIGRATION SERVICES**, *et al.*,

Defendants.
________________________________________/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On March 18, 2026, Plaintiff, Sebastien Dumond filed a Complaint for a Hearing on Naturalization Under 8 U.S.C. Section 1447(b) [ECF No. 1], asserting two causes of action related to Defendants' failure to adjudicate Plaintiff's application for naturalization. (*See generally id.*). Upon review, the Court concludes the Complaint must be dismissed as an impermissible shotgun pleading.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Id.* (alteration added). "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)

(alterations added). "[A] typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (alteration added). That structure makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint is a shotgun pleading. The Complaint's Second Claim for Relief states: "[Plaintiff] incorporates by reference paragraphs 1[–]27 above[,]" thereby including the allegations in the First Claim for Relief. (Compl. ¶ 28 (alterations added)). By "incorporat[ing] by reference" each preceding allegation, Plaintiff makes it difficult to ascertain what factual allegations and legal conclusions correspond to the second claim. (*Id.* (alteration added)). This is precisely the kind of shotgun pleading the Eleventh Circuit has repeatedly condemned, as the Complaint's second claim is "replete with factual allegations [and legal conclusions] that could not possibly be material to that specific count[.]" *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Sebastien Dumond's Complaint for a Hearing on Naturalization Under 8 U.S.C. Section 1447(b) **[ECF No. 1]** is **DISMISSED without**

**prejudice**. Plaintiff has until **March 25, 2026** to submit an amended complaint correcting the foregoing deficiency.

**DONE AND ORDERED** in Miami, Florida, this 18th day of March, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record